SECURITY TRUST COMPANY, EXECUTOR OF LEONARD MORSE, v. EDWARD I. EDWARDS, COMPTROLLER.

Submitted July 6, 1916—Decided November 9, 1916.

Stocks in New Jersey corporations, pledged by a non-resident during his lifetime as collateral security for a note, are not subject to the transfer tax at his death under the act of 1914 (*Pamph. L., p.* 267), imposing a tax on such shares when transferred by will or intestate laws, since the rights of the unpaid pledgee in the stocks did not permit of a transfer of the stocks by the will of the deceased pledgor.

On *certiorari* of inheritance tax.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Ralph E. Lum (Joseph F. McCloy,* of the New York bar) on the brief.

For the defendant, *Herbert Boggs,* assistant attorney-general.

The opinion of the court was delivered by

SWAYZE, J. Leonard Morse, a resident of Hartford, Connecticut, in his lifetime pledged certain stocks of New Jersey corporations and other collateral with the Phœnix National Bank of Hartford as security for a note and died testate, no part of the note having been paid. The question presented by this case is whether the New Jersey stocks so pledged are subject to the transfer tax under the act of 1914. *Pamph. L., p.* 267. That act, so far as material to this case, imposes the tax when the transfer is by will or intestate law of shares of stock of corporations of this state. The question therefore narrows to whether the testator's will transferred these stocks. He did not own the stocks; at most he had an interest therein, which was subject to the rights of the pledgee, and the pledgee could not be deprived of its property right to

transfer the shares to a purchaser and apply the proceeds to the debt. There might or might not be a valuable equity, but all that could be transferred by testator's will was the right to redeem, or if the stocks had been transferred by the pledgee, the right to an accounting and the payment of the balance, if any, after satisfaction of the debt. There could be no transfer of stock within the meaning of the statute until and unless the debt was paid. The pledgee might sell and transfer the New Jersey stocks and apply the proceeds to payment of the debt and leave no equity therein, since their value was less than the debt; in that event, the transfer of the stocks would be by virtue of the power of attorney given by the testator in his lifetime and not by his will or by intestate law as required by the statute. The question has been decided in the same way by the courts of New York. We cannot add to the reasoning of Surrogate Fowler. *Estate of Ames,* 141 *N. Y. Supp.* 793.

We are not called upon by the facts of this case to express an opinion on the question that would be presented if the debt was satisfied out of other collateral and the New Jersey stocks or some of them still remained in the hands of the pledgee. The tax must be set aside.